**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MCOM IP, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:21-cv-01550** |
| | ) | |
| **v.** | ) | |
| | ) | |
| AVAYA HOLDINGS CORP., | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT AVAYA HOLDINGS CORP.'S MOTION TO DISMISS PLAINTIFF'S
<u>SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II.  STATEMENT OF FACTS ......................................................................................... 3

    A.  mCom's Complaint ........................................................................................ 3

    B.  mCom's First Amended Complaint ............................................................... 4

    C.  mCom's Second Amended Complaint ........................................................... 5

III.  LEGAL STANDARDS .............................................................................................. 6

IV.  ARGUMENT .............................................................................................................. 7

    A.  mCom's Second Amended Complaint Should Be Struck ............................. 7

    B.  mCom's Second Amended Complaint Fails to State a Claim under Rule 12(b)(6) .......................................................................................................... 9

        i.  mCom Failed to Plead Direct Infringement ...................................... 9

        ii.  mCom Failed to Plead Induced Infringement ................................. 13

        iii.  mCom Failed to Plead Contributory Infringement ......................... 15

        iv.  mCom Failed to Plead Willful Infringement ................................... 17

    C.  mCom's Second Amended Complaint Should Be Dismissed with Prejudice ...................................................................................................... 19

    D.  mCom's Failure to Conduct a Diligent Pre-Suit Investigation Warrants Award of Attorneys' Fees ........................................................................... 20

V.  CONCLUSION ........................................................................................................ 21

i

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
    No. 13–365, 2014 WL 2892285 (W.D. Tex. May 12, 2014)....................................... 13, 14, 15

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017)........................................................................... 18, 19

*Artrip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) ............................................................................ 15

*Arunachalam v. Apple, Inc.*,
    806 F. App'x 977 (Fed. Cir. 2020) ...................................................................... 11, 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................... 5, 8, 9

*Badeaux v. BP Expl. & Prod.*,
    790 F. App'x 618 (5th Cir. 2019) ............................................................................... 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................. 5, 6, 8, 9, 17

*Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*,
    729 F. Supp. 2d 789 (N.D. Tex. 2010) ....................................................................... 17

*In re Bill of Lading Transmission & Processing Syst. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)........................................................................... 14, 15

*Castlemorton Wireless, LLC v. Bose Corp.*,
    No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020)........................... 13

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
    859 F.3d 1352 (Fed. Cir. 2017)................................................................................. 16

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)............................................................................................ 13

*DSU Med. Corp. v. JMS Co. Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006).................................................................................. 12

*Fernandez-Montes v. Allied Pilots Ass'n*,
    987 F.2d 278 (5th Cir. 1993) ...................................................................................... 6

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) ................................................... 6

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754  (2011) ............................................................ 13

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ........................................................ 16

*Inhale, Inc. v. Gravitron, LLC*,
    No. 1-18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ................................ 17

*Iron Oak Techs., LLC v. Dell, Inc.*,
    No. 1:17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) ...................................... 7

*Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*,
    464 F.3d 1339 (Fed. Cir. 2006) ............................................ 7

*Landmark Tech. LLC v. Aeropostale*,
    No. 6:09 CV 262, 2010 WL 5174954 (E.D. Tex. Mar. 29, 2010) ............................................ 9

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
    No. 3:18-CV-01074-K, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018) ..................... 10, 11, 12

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016) ............................................... 19

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
    No. 17-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .................................. 18

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) .................................. 17

*Neitzke v. Williams*,
    490 U.S. 319 (1989) ............................................................ 20

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
    No. 6:13-CV-360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ........................ 15, 16

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ..................... 13, 16

*Plotkin v. IP Axess Inc.*,
    407 F.3d 690 (5th Cir. 2005) ................................................. 6

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
    No. 5:19-CV-243-H, 2020 WL 5500238 (N.D. Tex. Sept. 11, 2020) ............................ 8, 9, 12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)............................................................................................ 6, 7

*USC IP P'ship, L.P. v. Facebook, Inc.*,
   6:20-CV-00555-ADA, 2021 WL 3134260 (W.D. Tex. July 23, 2021)................................. 13

*Vehicle Operation Techs. LLC v. Am. Honda Motor Co.*,
   67 F. Supp. 3d 637 (D. Del. 2014)........................................................................... 20

*VLSI Tech. LLC v. Intel Corp.*,
   No. 18-966, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ....................................... 17

*ZitoVault, LLC v. Int'l Bus. Machines Corp.*,
   No. 3:16-CV-0962-M, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018)................................. 17

## Statutory Authorities

35 U.S.C. § 271(c) ............................................................................................. 14

## Rules and Regulations

Fed. R. Civ. P. 12(b)(6)................................................................................... *passim*

Fed. R. Civ. P. 15(a)(2) .......................................................................................... 7

Fed. R. Evid. 201(b).............................................................................................. 7

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Avaya Holdings Corp.[1] ("Avaya") respectfully moves the Court to dismiss the Second Amended Complaint[2] against Avaya for failure to state a claim upon which relief can be granted.  This is now mCom's *third* attempt at explaining its infringement allegations against Avaya.  In each attempt, mCom fails to identify a single Avaya product or service that directly or indirectly infringes the claims of the Asserted Patent.  The Second Amended Complaint (which is substantively no different from the First Amended Complaint and suffers from the same deficiencies as the original Complaint) advances boilerplate allegations with conclusory statements and formulaic recitations of legal elements.  Each version of the complaint is similarly deficient—there is no clear recitation of *what* is infringed and *how* Avaya infringes.  Therefore, it is clear that (1) mCom does not have *any* support to meet the Rule 11 pleading obligations (or it would have included it in one of the three versions of the complaint it already filed) and (2) further amendments will not cure the deficiencies in mCom's complaints.

Each attempted amendment has just been a ploy to avoid responding to Avaya's motion to dismiss.  This is clear from the correspondence between the parties and the fact that each amendment did nothing to address the deficiencies Avaya raised to mCom and identified in its

---

[1]  Avaya Holdings Corp. is the only Defendant in this case.  However, Avaya Holdings Corp. does not manufacture, sell, or market any products.  In the event mCom is granted leave to further amend the Second Amended Complaint (which Avaya respectfully submits it should not), and in the event mCom does not substitute the correct Avaya entity at that time, Avaya reserves all rights, including seeking leave to file an early motion for summary judgment of non-infringement as Avaya Holdings does not make, sell, or market any products or services.  This is yet further evidence that mCom failed to satisfy its Rule 11 pleading obligations in filing its Original Complaint, First Amended Complaint, and Second Amended Complaint.  However, for the purposes of this Motion, "Avaya" refers to Avaya Holdings Corp. and its affiliates.

[2]  As explained in detail below in Section IV.A, mCom's Second Amended Complaint should be struck, as it was mCom's *second* amendment to the Complaint and mCom did not seek Avaya's agreement before filing its Second Amended Complaint.  mCom needed to seek leave from the Court before filing its amendment.

earlier motion to dismiss.[3]  After receiving the Complaint, Avaya explained to mCom that the Complaint was unclear as to what products or services it is accusing Avaya of infringing, as it mixed various marketing documents for a number of different products and services in its infringement allegations.  *See* Declaration of Patrick J. Stafford ("Decl.") at ¶ 2.  After Avaya identified these deficiencies and stated that it would file a motion to dismiss the Complaint, mCom filed its First Amended Complaint.  *Id*.  The First Amended Complaint, which is identical to the Second Amended Complaint in this respect, identified entirely new allegations—it dropped the claims mCom charted in its Complaint and identified and charted entirely new claims and it cited to entirely new documents for different Avaya products.[4]  But the documents mCom continues to cite to in each iteration of the complaint are again just marketing documents that fail to show how *any* claim limitations are met by *any* Avaya product or service.  mCom's second and third attempt to explain its allegations still suffer from the same deficiencies as the Complaint.  Since mCom has now thrice attempted to set forth its allegations, further amendments would be futile, and thus mCom's Second Amended Complaint should be dismissed with prejudice.  Further, mCom's conduct confirms this case should be declared exceptional, and mCom should pay Avaya's fees for responding to these baseless allegations.

---

[3]  After Avaya filed its motion, mCom sought a three-week extension to respond to the motion. Ex. 1.  Avaya agreed to a one-week extension and sought mCom's reasons for a three-week extension was necessary.  *Id*.  mCom did not provide an explanation for its extension and instead filed its Second Amended Complaint.  *Id*.  Filing the Second Amended Complaint was simply a means to avoid having to respond to Avaya's earlier motion to dismiss.

[4]  This complete 180-degree change from the allegations in the Complaint to the allegations in the First and Second Amended Complaints demonstrates that mCom failed to conduct any analysis to satisfy Rule 11 before filing its Complaint.

## II.   STATEMENT OF FACTS

### A.   mCom's Complaint

On July 2, 2021, mCom filed the Complaint in this case.  D.I. 1.  The Complaint failed to identify any Avaya product or service that it asserted of infringing the Asserted Patent.  *Id*.  Instead, the Complaint only included the vague and generic assertion that "AVAYA maintains, operates, and administers methods and systems *of unified banking systems* that infringe one or more claims of the '508 patent."  D.I. 1 at 3 (emphasis added).  mCom included a "claim chart" for method claims 1 and 7 of the Asserted Patent with citations to general marketing and advertising materials about digital banking in general (without tying these allegations to any single product or service) (D.I. 1 at 2-13 (citing Attachments[5] 1, 2, 5, and 6)) for some claim limitations and, for other claim limitations, citations to advertising materials for various unrelated products (Avaya Breeze and Avaya Aura) (D.I. 1 at 2-13 (citing Attachments 3 & 4)).  mCom's allegations of indirect infringement and willful infringement in the Complaint failed to plead the elements of these claims.  *Id*. at 14-15.  Avaya's counsel informed mCom's counsel that the Complaint failed to provide notice of the products or services mCom accused of infringing the Asserted Patent as it mixed various marketing documents for a number of different products and services in its infringement allegations.  *See* Decl. at ¶ 2.  These allegations, as included in the Complaint, made it impossible for Avaya to investigate what was accused and how any product infringed the claimed limitations.

---

[5]   mCom cites these documents as "Attachments" in its Complaint, but it did not attach these documents as exhibits to the Complaint.  *See* D.I. 1.  Instead, the Complaint only cites and relies on the screenshotted excerpts of these documents in the "claim chart."  D.I. 1 at 2-13.

### B.    mCom's First Amended Complaint

After Avaya identified the deficiencies in the Complaint to mCom, mCom's counsel sent Avaya's counsel a "claim chart" for only claims 13-20 of the Asserted Patent. *Id*.  This chart, similar to the allegations in the Complaint (but now for entirely new claims), only included citations to general marketing and advertising materials about digital banking in general (without tying these allegations to any single product or service) for some claim limitations and, for other claim limitations, citations to advertising materials for various unrelated products (Avaya OneCloud and Proactive Outreach Manager). *Id*.  On December 14, 2021, Avaya's counsel and mCom's counsel met and conferred on Avaya's intention to file a motion to dismiss the Complaint. *Id*. at ¶ 3.  During the meet and confer, mCom's counsel stated that mCom intended to file the First Amended Complaint with the new December 13, 2021 "claim chart." *Id*.  Avaya's counsel informed mCom's counsel that the new "claim chart" was similarly deficient as it failed to identify any single Avaya product or service that mCom accused of infringing the Asserted Patent. *Id*.

On December 15, 2021, mCom filed the First Amended Complaint.  D.I. 13.  The only change in the First Amended Complaint from the Complaint was the removal of the "claim chart" in the Complaint and the inclusion of the December 13, 2021 "claim chart" as Exhibit A. *Compare* D.I. 1 at 3-13 *to* D.I. 13, Ex. A.  But neither the claim chart in the Complaint nor the claim chart in the First Amended Complaint satisfies mCom's pleading obligations to put Avaya on notice of what is accused or how Avaya infringes the claims.

On December 29, 2021, Avaya moved to dismiss with prejudice mCom's First Amended Complaint for failing to properly plead direct, indirect, and willful infringement.  D.I. 14.  mCom's counsel sought a three-week extension to respond to Avaya's motion to dismiss.  Ex. 2.  Avaya agreed to a one-week extension and asked for an explanation on mCom's need for a three-week extension, since mCom had been on notice of the deficiencies that Avaya raised in the motion for

weeks.  *Id*.  Instead of providing Avaya with an explanation and clearly upset that Avaya would not just blanket agree to a three-week extension, mCom filed its Second Amended Complaint in order to moot Avaya's motion to dismiss and avoid having to respond to that motion.  *Id*.

### C.   mCom's Second Amended Complaint

On January 6, 2022, mCom filed its Second Amended Complaint.  D.I. 23.  Prior to filing the Second Amended Complaint, mCom did not seek Avaya's agreement to file this amendment nor did it seek leave of the Court to file this amendment.[6]

mCom's Second Amended Complaint did not amend its direct infringement allegations or attempt in any way to address the deficiencies that Avaya raised in its earlier motion to dismiss as to mCom's direct infringement allegations.  *Compare* D.I. 13 *to* D.I. 23.  Accordingly, Avaya's complaints as to those allegations as set forth in this Motion are identical to those raised in its earlier motion to dismiss.  Instead, mCom's only amendments were to the indirect infringement allegations to include conclusory assertions that unidentified (as mCom still failed to identify the accused products) "Avaya products further have no noninfringing uses" and "are a material part of the claimed invention as they are the cmplete inventon [sic]."  D.I. 23 at 12.  Thus, the Second Amended Complaint does not satisfy mCom's pleading obligations to put Avaya on notice of what is accused in this case, just as Avaya set forth in its earlier motion to dismiss.

---

[6]   mCom has still failed to file a Notice of Appearance of local counsel despite being ordered by the Court to file this Notice by July 26, 2021 and by January 13, 2022.  D.I. 3; D.I. 25.  mCom's counsel in this case is located in Houston, Texas.  *See* https://www.rameyfirm.com/william-p-ramey-iii-2 (last accessed Jan. 18, 2022).  Instead of retaining local counsel for this case, per the Court's rules and directive, mCom attempted to circumvent the Court's order by identifying a UPS store address in Dallas, Texas.  This is just further evidence of the improper tactics mCom has employed in filing this suit against Avaya.

## III.    LEGAL STANDARDS

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief *that is plausible on its face*.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to *draw the reasonable inference that the defendant is liable* for the misconduct alleged."  *Iqbal*, 556 U.S. at 663 (emphasis added).  The "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  What's more, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.* (internal citations omitted).  A court must dismiss a complaint when its factual allegations "have not nudged their claims across the line from conceivable to plausible."  *Id.* at 570.

Although a court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff," a court is not required to accept "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Badeaux v. BP Expl. & Prod.*, 790 F. App'x 618, 620 (5th Cir. 2019) (*quoting Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Nor do naked assertions devoid of further factual enhancement."  *Id.* (internal citations omitted).  Stated differently, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

"When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (*quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  The Fifth Circuit has also repeatedly held that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Id.* (citation omitted).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Id.* (citing Fed. R. Evid. 201(b)).  "[L]eave to amend may be denied if the court finds that there has been undue delay that would prejudice the nonmoving party, that the moving party has acted in bad faith, or that the amendment would be futile."  *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339 (Fed. Cir. 2006).

## IV.   ARGUMENT

### A.   mCom's Second Amended Complaint Should Be Struck

As an initial matter, mCom's Second Amended Complaint should be struck.  mCom previously amended the Complaint under Rule 15 (the First Amended Complaint) "once as a matter of course" with Avaya's consent.  D.I. 13.  Therefore, mCom was no longer afforded the ability to amend "as a matter of course" without "[Avaya]'s written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  mCom did not seek Avaya's consent nor did it seek leave of the Court to file the Second Amended Complaint in response to Avaya's Motion to Dismiss.  Therefore, the Court should strike the Second Amended Complaint.  *See Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-CV-999-RP, 2018 WL 1631396, at *1 (W.D. Tex. Apr. 4, 2018) (striking the patentee's

second amended complaint it filed in response to the motion to dismiss as the patentee had failed to seek leave from the court to amend before it filed the second amended complaint).[7]

Moreover, even if mCom moved for leave to amend the First Amended Complaint, leave should be denied as "leave to amend may be denied if the court finds that there has been undue delay that would prejudice the nonmoving party, that the moving party has acted in bad faith, or that the amendment would be futile." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1353 (Fed. Cir. 2006). Here, mCom's Second Amended Complaint suffers from the same fatal deficiencies as the Complaint and First Amended Complaint. *See infra* Section IV.B. Therefore, the amendment in mCom's Second Amended Complaint is futile as it still fails to satisfy mCom's pleading obligations to put Avaya on notice of what is accused in this case. Additionally, mCom's Second Amended Complaint confirms that mCom failed to conduct any analysis to satisfy Rule 11 before filing its Complaint, its First Amended Complaint and, as this Second Amended Complaint suffers from the same deficiencies, it is clear that mCom again failed to conduct any analysis to satisfy Rule 11. mCom has acted in bad faith by filing this Second Amended Complaint, which was likely filed simply to avoid responding to Avaya's earlier motion to dismiss. Therefore, the Court should strike mCom's Second Amended Complaint.

---

[7] If the Court agrees and strikes the Second Amended Complaint, Avaya respectfully requests that the Court treat this Motion as a Motion to Dismiss to First Amended Complaint. As explained throughout this brief, the First Amended Complaint is nearly identical to the Second Amended Complaint except for mCom's conclusory amendments to the indirect infringement allegations. The arguments set herein apply equally to the First Amended Complaint.

**B.    mCom's Second Amended Complaint Fails to State a Claim under Rule 12(b)(6)**

**i.    mCom Failed to Plead Direct Infringement**

With respect to claims for patent infringement, it is well established that "courts may dismiss a direct-infringement claim under Rule 12(b)(6) where the plaintiff's complaint fails to allege the manner of the defendant's infringement with specificity." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2020 WL 5500238, at \*4 (N.D. Tex. Sept. 11, 2020). Under the pleading standard of *Twombly* and *Iqbal*, mCom's Second Amended Complaint must set forth sufficient factual content to allow the Court to draw a reasonable inference of Avaya's liability for patent infringement. *See Iqbal*, 556 U.S. at 678. mCom fails to do so here. Instead, mCom's Second Amended Complaint contains nothing more than vague and conclusory statements that Avaya's unidentified "methods and systems of unified banking systems" infringe without attempting to specify which products or services are accused of infringing, which portions of the Asserted Patent are infringed, or how these unidentified products or services do so. In particular, mCom's Second Amended Complaint is deficient because it fails to (1) identify even a *single* accused product or service that allegedly infringes any claim of the Asserted Patent and (2) identify and explain how the features of any accused product or service disclose all the limitations in the Asserted Patent.

*First*, mCom's claims for patent infringement are deficient because they fail to identify any single accused product or service that infringes any claim of the Asserted Patent. "*Twombly*, *Iqbal*, and *Disc Disease* . . . require a patent-infringement plaintiff to identify an accused product by name in most cases such that the defendant is on notice of what specific conduct is alleged to constitute infringement." *Soar Tools*, 2020 WL 5500238, at \*3. The only identification of a product or service in the Second Amended Complaint is the vague and generic assertion that

"AVAYA maintains, operates, and administers methods and systems *of unified banking systems* that infringe one or more claims of the '508 patent."  D.I. 23 at 3 (emphasis added).  However, "unified banking system" is not a term used by Avaya for any of its products or services, mCom does not cite to any documents showing that Avaya "maintains, operates, and administers" a "unified banking system," and nowhere in the Second Amended Complaint is there any evidence showing what products and services are "unified banking systems."  Instead, "unified banking system" is only used in the Second Amended Complaint to refer to the generic system to which the Asserted Patent relates.  *See* D.I. 23 at 3 ("The '508 patent relates to novel and improved systems and methods for constructing a *unified banking system*.").  Such vague assertions are not sufficient to meet mCom's pleading requirement for direct infringement.  *See Landmark Tech. LLC v. Aeropostale*, No. 6:09 CV 262, 2010 WL 5174954, at *3 (E.D. Tex. Mar. 29, 2010) (dismissing direct infringement claims as complaint only identified "Defendants 'electronic commerce systems' [which] is an extremely vague identification" and "[w]ithout further context, it is unclear as to what 'electronic commerce systems' refers").

The facts in this case are analogous to those in *Lexington*.  In *Lexington*, the complaint identified an accused product but also alleged that "other similar products, which perform substantially the same function" also infringe the asserted patent.  *See Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-CV-01074-K, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018).  The Court held that the reliance on "other similar products" without a more definite identification of what whose products are, renders the allegation "unclear and ambiguous" and "fails to reasonably inform Defendant as to what devices, if any, are accused by this statement."  *Id*.  Further, the Court held that bare bones allegations "that an accused device meets all the limitations of the asserted claims" is not sufficient.  *Id*.  mCom's Second Amended

Complaint is even more deficient than that in *Lexington*, as it failed to identify even one accused product and does not identify how any product meets the claimed limitations.

This deficiency is confirmed by mCom's amendments to its Complaint. *Compare* D.I. 1 at 3-13 to D.I. 23, Ex. A. In mCom's Complaint, it alleged Avaya infringed claims 1 and 7 of the Asserted Patent by citing general marketing and advertisement documents for disparate products, including Avaya Breeze and Avaya Aura, as well as general bank functions unrelated to any Avaya product. D.I. 1 at 3-13. In its First and Second Amended Complaints, mCom dropped allegations of infringement for claims 1 and 7 of the Asserted Patent and now asserts claims 13-20 are infringed by citing different general marketing and advertisement documents for disparate products, including Avaya OneCloud and Proactive Outreach Manager. D.I. 13, Ex. A; D.I. 23, Ex. A. Therefore, mCom's Second Amended Complaint, unlike the complaint in *Lexington*, fails to identify even a *single* accused product or service, which further confirms mCom's infringement claim is deficient.

*Second*, mCom has failed to explain how any product meets each of the claim limitations. mCom's limitation-by-limitation "claim chart" merely excerpts screenshots from various marketing web pages that relate generally to Avaya's business as a whole (not tied to any specific product or service). These screenshots do not identify how any accused product or service infringes the limitations of any asserted claim. *See Lexington Luminance*, 2018 WL 10425908, at *2 (dismissing direct infringement claims relying on photographs and screenshots as "a plausible inference that an accused device meets all the limitations of the asserted claims cannot be inferred from the bare conclusory allegations that this is so"). Nor does the "claim chart" map all limitations of any claim to a single product or service. *See* D.I. 23, Ex. A. For example, mCom's "claim chart" includes citations to general marketing and advertising materials about digital

banking in general (without tying these allegations to any single product or service) (D.I. 23, Ex. A at 2-21 (citing Avaya website https://www.avaya.com/en/solutions/financial-services/#)) for some claim limitations and, for other claim limitations, cites advertising materials for various unrelated products (D.I. 23, Ex. A at 2-21 (citing Avaya OneCloud and Proactive Outreach Manager)).  Such mixing and matching of different products and services cannot support a claim of direct infringement.  *See Arunachalam v. Apple, Inc.*, 806 F. App'x 977, 981 (Fed. Cir. 2020) (affirming dismissal with prejudice of plaintiff's patent infringement claims as insufficient where "the Complaint never identified even a single specific app, nor did it specifically allege how such an app (or platform) actually infringes" the asserted patent).

For example, the Second Amended Complaint recites the claim limitation "a data storage device wherein transactional usage data associated with a transaction initiated by a user through one of said e-banking touch points is stored in said data storage device and accessed by one or more of said other e-banking touch points."  D.I. 23, Ex. A at 6.  In support of its infringement allegations as to this claim limitation, mCom only cites to a single screenshot of a general business video related to a general bank application—none of which are related to the claim limitation.  *Id.* mCom's Second Amended Complaint does not explain how this screenshot corresponds to the claim limitation nor does it identify how it meets the claimed "transactional usage data associated with a transaction initiated by a user through one of said e-banking touch points is stored in said data storage device and accessed by one or more of said other e-banking touch points."  *Id.*  Such conclusory allegations fail to provide a plausible inference that the limitations are infringed and cannot support a claim for direct infringement.  *See Lexington Luminance*, 2018 WL 10425908, at *2 ("[A] plausible inference that an accused device meets all the limitations of the asserted claims

12

cannot be inferred from the bare conclusory allegations that this is so.  Additional factual information, at least pleaded on information and belief, is required.")

Accordingly, each count of direct infringement in the Second Amended Complaint should be dismissed for failure to state a claim under Rule 12(b)(6).  *See Soar Tools*, 2020 WL 5500238, at *4 (dismissing infringement complaint since the complaint failed to plead sufficient facts to show plausibility of infringement).

### ii.    mCom Failed to Plead Induced Infringement

mCom's Second Amended Complaint fails to allege that Avaya:  (i) knew of the asserted patents; (ii) knowingly induced a third party to infringe the patents; (iii) had specific intent to induce a third-party to infringe the patents; and (iv) as a result of the supposed inducement, the third party directly infringed the patents.  *See DSU Med. Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc).  mCom's Second Amended Complaint fails to show any of these elements are even plausibly met for induced infringement and should be dismissed.

*First*, mCom has not sufficiently alleged Avaya had knowledge of the Asserted Patent or had knowledge that the induced acts constitute infringement.  To "adequately plead a claim of induced infringement, a plaintiff must demonstrate that the defendant knew of the patent and that the induced acts constitute infringement."  *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (internal quotation omitted)); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) ("[L]iability for inducing infringement attaches only if the defendant knew of the patent and the induced acts constitute patent infringement.").  mCom's Second Amended Complaint only alleges Avaya knew of the Asserted Patent because this lawsuit was filed.  *See* D.I. 23 at 12.  This conclusory allegation alone does not give rise to a plausible inference of actual knowledge of the Asserted Patent.  *See Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5

(W.D. Tex. July 22, 2020) (dismissing induced infringement claim as there was no actual pre-suit knowledge of asserted patent).  Nor does it suggest, much less sufficiently allege, that Avaya knew that any induced acts would constitute infringement.  *See USC IP P'ship, L.P. v. Facebook, Inc*., 6:20-CV-00555-ADA, 2021 WL 3134260, at *1 (W.D. Tex. July 23, 2021) (citing *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.).  mCom's Second Amended Complaint therefore fails to sufficiently allege the knowledge elements necessary to plead a claim for induced infringement.

*Second*, mCom has failed to allege any facts plausibly showing how Avaya induced others' infringement or specifically intended to induce infringement.  An inducement claim must include factual allegations showing how inducement occurs.  *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 13–365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) ("The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents.").  Additionally, a "claim of induced infringement 'must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.'"  *Affinity Labs*, 2014 WL 2892285, at *3 (quoting *In re Bill of Lading Transmission & Processing Syst. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).  This specific intent element is "demanding" and requires more than unsubstantiated and generalized allegations that the accused infringer induced infringement via "marketing and sales tactics."  *Id.* at *7 ("[G]eneralized allegations that Toyota induced others to

14

infringe . . . through its marketing and sales tactics are likewise insufficient."). mCom's total failure to include these allegations is fatal to its attempt to plead induced infringement.

*Third*, mCom's assertions that Avaya "has actively encouraged or instructed others" on how to construct and use a unified banking system "such as to cause infringement" are nothing more than vague and general assertions of indirect infringement. D.I. 23 at 11-12. mCom's allegations include no factual statements explaining how Avaya "encouraged and instructed" and thereby induced others to infringe or that, if true, show that Avaya acted with specific intent. *See id*. It fails to even cite any public information on how Avaya encourages or instructs others to infringe. In the absence of supporting well-pleaded facts, mCom's allegations are simply not enough to plead a claim for induced infringement.

### iii.    mCom Failed to Plead Contributory Infringement

To state a claim of contributory infringement, a plaintiff must allege facts showing that the defendant knowingly provided components that have no "substantial non-infringing use" and that the defendant knew were "especially made or especially adapted" to infringe the asserted patents. 35 U.S.C. § 271(c). Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926. mCom's Second Amended Complaint does not plead these elements. Instead, mCom merely alleges, without any factual support, that Avaya "has and continues to contributorily infringe" by encouraging and instructing other on how to use its products and services that provide unified banking systems. D.I. 23 at 12. This is not sufficient.

mCom's contributory infringement claim must be dismissed due to mCom's failure to sufficiently allege the required element of knowledge. The Second Amended Complaint does not include *any* facts (let alone well-pleaded facts) that, if true, would show that Avaya *knew* of the Asserted Patent and *knew* of the alleged infringement. *See Artrip v. Ball Corp.*, 735 F. App'x 708,

713 (Fed. Cir. 2018) ("[t]o survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents"); *Affinity Labs,* 2014 WL 2892285, at *9 ("[A]s was the case with Plaintiff's induced infringement claims, Plaintiff[']s contributory infringement claims must also be dismissed . . . for insufficient allegations of [the defendant's] knowledge of the Asserted Patents."). Aside from the conclusory and unsupported allegation that Avaya knew of the Asserted Patent and underlying technology since the lawsuit was filed, the Second Amended Complaint is silent as to knowledge. *See Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-CV-360-MHS, 2014 WL 12378804, at *3 (E.D. Tex. Oct. 14, 2014) ("contributory infringement requires *actual* knowledge, not just *constructive* knowledge based on issuance and publication of a patent").

Furthermore, nowhere in the Second Amended Complaint does mCom assert that Avaya sells or offers to sell a material or apparatus that it *knows* "to be especially made or especially adapted for use in an infringement of such patent." *Bill of Lading,* 681 F.3d at 1337. In fact, as explained above, mCom does not even identify a specific product, material, or apparatus and specific service sold or offered by Avaya that was made or adapted for an infringing use or that "is not suitable for substantial noninfringing use." *See* C*leveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1363 (Fed. Cir. 2017) ("Contributory infringement occurs if a party sells, or offers to sell, a material or apparatus for use in practicing a patented process" but "[a] party that provides a service, but no 'material or apparatus,' cannot be liable for contributory infringement."); *Nobelbiz,* 2014 WL 12378804, at *3 (dismissing a contributory infringement claim where "there is no factual allegation as to the possible non-infringing use […] other than the bare conclusion that it 'is not suitable for substantial noninfringing use.'"). By failing to identify

16

an accused product or service, mCom cannot show that Avaya knew of any alleged infringement. These deficiency are fatal to mCom's contributory infringement claim.

### iv.    mCom Failed to Plead Willful Infringement

Willful infringement is reserved for only "egregious infringement behavior," which is typically described as conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, *Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016).  To state a claim of willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks*, 2019 WL 3940952, at *3 (citation and internal quotation marks omitted).  As this Court has recognized, a plaintiff must plead willfulness with "sufficient articulation of the relevant facts." *Id.*  Here, the first and only references to willfulness in the entire Second Amended Complaint appear in the Prayer for Relief, and mCom fails to allege any of the essential elements of a willfulness claim. *See* D.I. 23 at 13.

mCom asserts *no* facts to support that Avaya knew of the Asserted Patent prior to this lawsuit being filed.  This Court and others have found that a willful infringement claim must be based on pre-suit knowledge of a patent.  *See, e.g.*, *ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) (dismissing willful infringement claim for failing to plead any facts to show pre-suit knowledge); *Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2010) (same); *Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, No. 19-26, 2019 WL 3818049, at *5 (W.D. Tex. June 13, 2019) ("Ordinarily the Court would dismiss an allegation of willfulness without prejudice absent a *specific allegation of pre-suit knowledge* of the asserted patents.") (emphasis added); *VLSI*

*Tech. LLC v. Intel Corp.*, No. 18-966, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willful infringement claim because "the complaint itself cannot serve as the basis for a defendant's actionable knowledge [of the patent]"). mCom's bare assertion that Avaya knew of the Asserted Patent since this lawsuit was filed is far from the requisite "*specific allegation of pre-suit knowledge* of the asserted patents" in the absence of alleged facts that could show how, when, or what Avaya first knew about the Asserted Patent before suit was filed. *Frac Shack*, 2019 WL 3818049 at *5; *Inhale, Inc. v. Gravitron, LLC,* No. 1-18-CV-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (granting a motion to dismiss where plaintiff's allegations of defendant's knowledge were 'legal conclusion[s] couched as ... factual allegation[s]' that the court need not accept as true") (quoting *Twombly*, 550 U.S. at 555); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (granting a motion to dismiss a claim of willful infringement in its entirety because the plaintiff's "willfulness claim wholly lacks such factual allegations").

mCom also fails to state a claim for willful infringement because it alleges *no* egregious conduct, which is required to impose enhanced damages under a willful infringement theory. *See id*. at *3 (dismissing willful infringement claim based on mere conclusory statements and finding that "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"). The only conduct mCom alleges in the entire Second Amended Complaint is that Avaya sells and offers to sell products and services that it claims "perform infringing methods or processes" and that Avaya has and continues to encourage and instruct others on how to construct and use a unified banking system. D.I. 23 at 11-12. mCom does not allege that Avaya deliberately re-dedicated itself to infringing after having knowledge of the Asserted Patent or that it did anything else that could even come close to rising to conduct considered "willful, wanton,

malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, 136 S. Ct. at 1932; *see also M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 17-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (dismissing willful infringement claim where the plaintiff "offered no allegations suggesting that [the defendant] deliberately re-dedicated itself to infringing after being served with the complaint").

Nor are any facts alleged in the Second Amended Complaint that, if true, would show that Avaya "acted despite a risk of infringement that was either known or so obvious that it should have been known." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017). There are simply no allegations plausibly supporting a reasonable inference that Avaya should have known it was infringing the patent and chose to proceed regardless. mCom's willful infringement claim should therefore be dismissed.

### C.     mCom's Second Amended Complaint Should Be Dismissed with Prejudice

mCom's Second Amended Complaint should be dismissed with prejudice as further amendments by mCom would be futile. mCom's Complaint, First Amended Complaint, and Second Amended Complaint confirm that mCom cannot identify any Avaya product or service that infringes the Asserted Patent. As further amendments would be futile, the Court should dismiss mCom's Second Amended Complaint with prejudice.

mCom has now *thrice* attempted to and failed to put Avaya on notice of its allegations of infringement in this case. In its Complaint, mCom failed to identify any single Avaya product or service that infringed the Asserted Patent. *See* D.I. 1. After Avaya notified mCom of these deficiencies, mCom attempted to "fix" these deficiencies through its new claim chart and First Amended Complaint. *See* D.I. 13. But mCom's First Amended Complaint, which dropped the claims from the Original Complaint, *still* failed to identify a single Avaya product or service that allegedly infringes the Asserted Patent. *Id.* Avaya moved to dismiss mCom's First Amended

Complaint identifying these deficiencies.  D.I. 14.  In an attempt to avoid responding to that motion to dismiss, mCom filed its Second Amended Complaint.  D.I. 23.  But in this Second Amended Complaint mCom again fails to address these deficiencies.  D.I. 23.  Any further amendments by mCom would be futile as it is clear mCom does not have a viable claim of infringement.  Accordingly, the Court should dismiss this case with prejudice, as mCom *already* had three attempts to set forth a well-pled infringement claim and has failed every time.  *See Lyda v. CBS Corp.*, 838 F.3d 1331, 134-41 (Fed. Cir. 2016) (holding district court did not err in denying the patentee leave to amend to file a second amended complaint after it dismissed infringement claim for insufficiently pleading infringement); *Arunachalam*, 806 F. App'x at 981 (affirming dismissal with prejudice of plaintiff's patent infringement claims under Rule 12(b)(6) as the plaintiff's "overly broad allegations" were insufficient where they did not even identify a specific accused product); *Artrip*, 735 F. App'x at 714-15 (affirming dismissal with prejudice and denial of leave to amend of patent infringement claims for being insufficiently pled where the amended complaint "did not fairly identify the accused machines").  mCom's Second Amended Complaint should therefore be dismissed with prejudice.

### D.  mCom's Failure to Conduct a Diligent Pre-Suit Investigation Warrants Award of Attorneys' Fees

mCom filed suit against Avaya without conducting even a cursory review of Avaya's publicly available documentation, which would have apprised it of the fact that there is no single Avaya product that mCom can accuse of infringing the Asserted Patent.  *See supra* Section IV.B.  Had mCom done so, Avaya would not have been burdened with the costs of a fruitless investigation and serial motions practice to dismiss *three* complaints.  mCom's blatant failure to be diligent before it filed suit warrants an award of attorneys' fees to Avaya for the legal costs it has had to bear in investigating and responding to the allegations set forth in the Complaint, First

Amended Complaint, and Second Amended Complaint. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact"); *Vehicle Operation Techs. LLC v. Am. Honda Motor Co.*, 67 F. Supp. 3d 637, 642-43 (D. Del. 2014) (granting dismissal with prejudice under where the plaintiff had failed to investigate "publicly available owner's manual[s]" that indisputably confirmed non-infringement of claims requiring a "dedicated display"); *Vehicle Operation Techs. LLC v. Ford Motor Co.*, 2015 WL 4036171, at *2–3 (D. Del. July 1, 2015) (declaring case "exceptional" and awarding attorneys' fees for the same behavior).

## V.   CONCLUSION

For all of these reasons, Avaya respectfully requests that this Court dismiss mCom's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice.

Dated: January 18, 2022                    Respectfully submitted,

                                   By:   */s/ Will Thompson*
                                         Will Thompson
                                         Texas SBN 24094981
                                         willthompson@quinnemanuel.com
                                         QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
                                         6301 Gaston, Suite 1428
                                         Dallas, Texas 75214
                                         Telephone: (406) 546-5587

                                         Kevin Hardy
                                         kevinhardy@quinnemanuel.com
                                         Deepa Acharya
                                         deepaacharya@quinnemanuel.com
                                         Patrick J. Stafford
                                         patrickstafford@quinnemanuel.com
                                         QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
                                         1300 I Street NW, Suite 900
                                         Washington, D.C. 20005
                                         Telephone: 202-538-8000
                                         Fax: 202-538-8100

                                         **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF filing system on January 18, 2022, who will in turn provide notification of same to the following registered CM/ECF users:

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorney for Plaintiff*

/s/   Will    Thompson_____

Will Thompson